**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

———————————————————X
                         :

| | | |
|---|---|---|
| LEONARDO SARACENI, on behalf of himself and all others similarly situated, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | |
| vs. | : | **CLASS ACTION COMPLAINT AND** |
| | : | **JURY TRIAL DEMAND** |
| ARSTRAT, LLC. | : | |
| | : | |
| Defendant. | : | |
| | : | |

———————————————————X

Plaintiff LEONARDO SARACENI (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorney, alleges against the above-named Defendant ARSTRAT, LLC (hereinafter "Defendant"), its employees, agents, and successors, the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because

jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this

jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer,"

"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt

collection practices provides for the initiation of court proceedings to enjoin violations of

the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of Bergen County, in the State of

New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief defendant ARSTRAT, LLC

("ARSTRAT") is a Nevada Limited Liability Company with its principle place of

business located at 14141 Southwest Freeway, Suite 300, Sugarland, TX 77478.

9.    Based upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10.    Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11.    This Action is properly maintained as a class action. The Class consists of:

•    All New Jersey consumers who were sent letters and/or notices from Defendant ARSTRAT, LLC in a form substantially similar to attached Exhibit A and which included the alleged conduct and practices described herein.

• The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined.

12.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

•    Upon information and belief, the Class is so numerous that joinder of

all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.  Whether Defendant violated various provisions of the FDCPA.

    b.  Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13.    Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14.    Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

15.    Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16.    Sometime prior to August 8, 2018, Plaintiff allegedly incurred a financial obligation to Hackensack University Medical Group ("the Medical Debt").

17.    The Medical Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18.    The Medical Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

19.    Hackensack University Medical Group is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20.    Sometime prior to August 8, 2018, Hackensack University Medical Group, either directly or through intermediate transactions assigned, placed or transferred the Medical Debt to Defendant for collection.

21.    At the time the Medical Debt was assigned, placed or transferred to Defendant, the Medical Debt was in default.

22.     Defendant caused to be delivered to Plaintiff a letter dated August 8, 2018 concerning the alleged Medical Debt, which sought to collect an amount owed of $415.75.  Attached as Exhibit A is a copy of the August 8, 2018 collection letter.

23.     The August 8, 2018 collection letter was Defendant's initial communication to Plaintiff for the Medical Debt.

24.     The August 8, 2018 collection letter were sent or caused to be sent by a person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25.     The August 8, 2018 letter was a "communication" as defined by 15 U.S.C. § 1692a(2).

26.     Upon receipt, Plaintiff read the August 8, 2018 collection letter.

27.     The August 8, 2018 collection letter was Defendant's initial communication to Plaintiff.

28.     The August 8, 2018 letter states:

We sent you a first notice which included your rights under the Fair Debt Collection Practices Act.  You still have time to exercise your rights.

29.     The aforementioned statement is false since the August 8, 2018 letter was Defendant's initial communication to Plaintiff.  Alternatively, if the August 8, 2018 letter was not Defendant's initial communication to Plaintiff, then the statement is still false since the time period under which Plaintiff would have had time to exercise his rights under section 1692g would have expired at the time the August 8 letter was received by Plaintiff.

30.     The August 8, 2018 letter also states, "This Account has previously been placed with Ingram & Associates."

31.     The aforementioned statement is also false.

32.      Additionally, the front of the collection letter indicated in bold and capitals, "**NOTICE:   SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION**."

33.     Included on the back side of the letter is a list of California, Utah, Nevada, Colorado and New York City.

34.     Nowhere in the front or the back does the August 8 Collection Letter indicate that the rights listed under each state name were limited to residents of that particular state.

35.     With respect to COLORADO, the back of the letter reads:

> A consumer has the right to request in that a debt collector or agency cease further with the consumer.  A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

36.     Since Plaintiff resides in New Jersey rights afforded residents of Colorado are not applicable to Plaintiff.

37.     The least sophisticated consumer may believe that her or she would not be afforded the right to request cessation of collection activities since she is a resident of New Jersey.

38.     Alternatively, the lease sophisticated consumer may think that he or she is entitled to the all of the additional rights listed on the back of the letter since nothing in the letter indicates that these rights are limited only to residents of these states.  See, Ensminger v. Fair Collections & Outsourcing, Inc., 2016 U.S. Dist. LEXIS 163007 (D.Kan, Nov. 23, 2016).

39.     A debt collection letter violates section 1692e of the FDCPA if it can be read to have two or more meanings, one of which is inaccurate.

40.     Additionally, based upon information and belief, Plaintiff is not legally obligated to pay the Medical Debt.

41.     Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

42.     Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

43.     Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

44.     Defendant violated Plaintiff's right to a trustful and fair debt collection process.

45.     Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding his or her rights under the FDCPA.

46.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

47.     Defendant's collection letters provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

48.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

49.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

50.     As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

51.     Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

52.     The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

53.     Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will he hire an attorney, represent himself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

54.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

55.     It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

        (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

        (b)    By making false representations of the character or legal status of a debt; and

        (c)    Using unfair or unconscionable means to collect or attempt to collect any debt.

56.     On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

57.     Plaintiff repeats the allegations contained in paragraphs 1 through 56 as if the same were set forth at length.

58.     Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

59.     By sending a collection letter, the same as or substantially similar to the August 8, 2018 collection letters, Defendant violated:

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.   15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C. 15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

E. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

F. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

G. 15 U.S.C. §1692g(b) by engaging in collection activities and communications which overshadow or are inconsistent with the consumer's rights.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
         August 8, 2019

                                   Respectfully submitted,


                             By: s/ Lawrence C. Hersh
                                 Lawrence C. Hersh, Esq.
                                 17 Sylvan Street, Suite 102B
                                 Rutherford, NJ  07070
                                 (201) 507-6300
                                 *Attorney for Plaintiff*

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby

certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.


Dated: August 8, 2019                By: s/ Lawrence C. Hersh
                                     Lawrence C. Hersh, Esq

EXHIBIT A



Web: *https://easypaymentnow.com/arstrat/*
Toll Free: (866) 336-6393

| Client Name | Account Number | Balance Due | Date of Service |
|---|---|---|---|
| Hackensack University Medical Group | ███115-7 | $415.75 | 02/04/18 |

Dear LEONARDO M SARACENI,

We sent you a first notice which included your rights under the Fair Debt Collection Practices Act. You still have time to exercise your rights. This is an attempt to collect a debt and any information obtained will be used for that purpose. This notice has been sent by a debt collector. Your payment, or any questions you may have, should be directed to this office to ensure proper credit to your account.

The above creditor has referred the above account to us for collection. This account had previously been placed with Ingram & Associates. The creditor has now engaged ARSTRAT to collect this account.

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt to be valid. If you notify this office in writing within the thirty (30) day period that the debt or any portion thereof is disputed, this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such verification or judgment. If you request this office in writing within the thirty (30) day period, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information we obtain will be used for that purpose.

Sincerely,

Recovery Analyst
1-866-336-6393

## NOTICE: SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION
***Detach Lower Portion and Return with Payment***

IONINAS011041

Account #:  ███115-7
Reference #:  ███9621
Balance Due:  $415.75

Arstrat
9800 Centre Parkway Suite 1100
Houston, TX 77036

ADDRESS SERVICE REQUESTED

August 8, 2018

**SEND PAYMENTS TO:**

1041-HP ███████
ı|ı||||ıı|ıı||•ıı|•ıı||ıı|||ııılıı|ı|ı||ı|ıı|•ıı|ııı|ı|ıı
LEONARDO M SARACENI
███████████

**ArStrat, LLC**
**P.O. Box 33720**
**Detroit, MI 48232-3720**
ıı||ı|ı|ı|ı|•ıı|ı••||ı|•ıı•ı|ı||ı|ıııı||ı|ı|ı|ı||ı|ıı||ı|

CALIFORNIA
State and federal law require debt collectors to treat you fairly and prohibit debt collectors from making false statements or threats of violence, using obscene or profane language, and making improper communications with third parties, including your employer.

Except under unusual circumstances, debt collectors may not contact you before 8:00 a.m. or after 9:00 p.m. In general, a debt collector may not give information about your debt to another person, other than your attorney or spouse. A debt collector may contact another person to confirm your location or to enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission by telephone at 1-877-FTC-HELP (382-4357) or online at www.ftc.gov.

Nonprofit credit counseling services may be available in the area.

UTAH
As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. We will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described on the front of this letter.

NEVADA
If the consumer pays or agrees to pay the debt or any portion of the debt, the payment or agreement to pay may be construed as: (1) an acknowledgment of the debt by the consumer; and (2) a waiver by the consumer of any applicable statute of limitations set forth in NRS 11.190 that otherwise precludes the collection of the debt; and (3) if the consumer does not understand or has questions concerning his/her legal rights or obligations relating to the debt, the debtor should seek legal advice.

COLORADO
For more information about the Colorado Fair Debt Collection Practices Act, See WWW.COAG.GOV/CAR

A consumer has the right to request in that a debt collector or agency cease further with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

3052 South Parker Rd Ste 705 Aurora CO 80014 702-323-1993.

NEW YORK CITY
New York City Department of Consumer Affairs License Number 2032300-DCA.

## FOR CHANGE OF ADDRESS, MISSPELLINGS OR OTHER ERRORS, PLEASE PRINT CORRECTIONS.

| Guarantor's Name | | | | Phone # ( ) |
|---|---|---|---|---|
| Guarantor's Address | | City | State | Zip Code |

**IF YOU HAVE NOT SUPPLIED INSURANCE INFORMATION, PLEASE DO SO HERE:**

| PRIMARY INSURANCE COVERAGE | Patient's Relationship to Insured ☐SELF ☐SPOUSE ☐CHILD ☐OTHER | SECONDARY INSURANCE COVERAGE | Patient's Relationship to Insured ☐SELF ☐SPOUSE ☐CHILD ☐OTHER |
|---|---|---|---|
| Insurance Company Name | Phone # ( ) | Insurance Company Name | Phone # ( ) |
| Insurance Company Address | | Insurance Company Address | |
| Policyholders Name | Birthdate / / | Policyholders Name | Birthdate / / |
| Policy & Group # | Policy Effective Date / / | Policy & Group # | Policy Effective Date / / |
| Employer's Name | Phone # ( ) | Employer's Name | Phone # ( ) |
| Employer's Address | | Employer's Address | |